UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                         :

ANTONIO AMIGON, Individually and On Behalf :
of All Others Similarly Situated,              :

                                   :       **DECISION AND ORDER**

                Plaintiff,       :

                                   :       20-CV-5222 (PK)

      -against-              :

                                   :

SAFEWAY CONSTRUCTION ENTERPRISES, :
LLC and STEVEN CESTARO, Jointly and    :
Severally,                             :

                                 :

            Defendants.        :

                                   :
------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

      Antonio Amigon ("Amigon" or "Plaintiff") has filed a consent Motion for Preliminary Approval of Class Action Settlement. ("Motion," Dkt. 65.) The parties have consented to magistrate judge jurisdiction. (Dkts. 69, 70.) For the reasons stated below, the Motion is granted.

<b>BACKGROUND</b>

**I.**      **Factual and Procedural Background**

      Plaintiff brought this action on October 29, 2020 against Safeway Construction Enterprises, LLC ("Safeway") and Steven Cestaro ("Cestaro") (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (*See* Dkt. 1.) Plaintiff filed an Amended Complaint on June 9, 2022 alleging he (along with others similarly situated) was not paid the applicable prevailing rate of wages or supplemental benefits for all hours that he worked on excavation projects on New York City public streets, roadways and sidewalks, or for time spent traveling between job sites and Defendants' yard and for time spent working in Defendants' yard, resulting in significant unpaid regular and overtime wages. (Dkt. 41 at ¶ 2.) Plaintiff also alleges that Defendants failed to provide Plaintiff with proper wage statements. (*Id.* at ¶ 4.) The Court

conditionally approved the FLSA collective asserted by Plaintiff.  (January 23, 2022 Minute Entry and Order.)

After mediation, the parties reached an agreement to settle this case.  (Dkt. 62.)  Plaintiff, with Defendants' consent, now requests preliminary approval of the proposed Settlement Agreement ("Settlement Agreement," Dkt. 68-1); approval of the proposed Notice of Proposed Settlement ("Notice," Dkt. 66-3), Claim Form (Dkt. 66-4), and Reminder Notice (Dkt. 66-5); and a date for a final approval and fairness hearing.  ("Pls. Mem.," Dkt. 67 at 8-9.[1])

## II.    The Settlement Agreement and Procedure

The Parties stipulate, for settlement purposes only, to the certification of a Fed. R. Civ. P. 23(a) and 23(b)(3) settlement class ("Settlement Class") comprised of:

> all current and former individuals who worked for Safeway in New York as backhoe operators at any time during the period of March 15, 2014, through March 26, 2024.

(Settlement Agreement ¶ 1.7.)  The "Class Period" is defined as the period between March 15, 2014, through March 26, 2024.  (*Id.* ¶ 1.8.)

Under the terms of the Settlement Agreement, in exchange for payment of a "Gross Settlement Amount" not to exceed $3,000,000.00, Plaintiff agrees to release all claims against Defendants.  (*Id.* ¶¶ 1.18, 1.21.)  "Participating Claimants," or those who submit a claim form, release all claims for any wage and hour violations that may have occurred arising from or relating to each Participating Claimant's employment or engagement with Defendants or related entities under federal, New York State or local law.  (*Id.* ¶¶ 1.27, 1.34.)  Class members who do not submit a claim form release all claims for any wage and hour violations that may have occurred arising from or relating to each Class Member's employment or engagement with Defendants or any related entities under New York State or local law.  (*Id.* ¶ 1.33.)

---

[1] All page references are to ECF pagination unless otherwise noted.

The settlement amount, which will not exceed $3,000,000.00, plus all interest and accretions (the "Settlement Fund") will be used to pay service awards, attorneys' fees, costs, and settlement administration fees. (Declaration of Brent Pelton ("Affidavit"), Dkt. 66 ¶ 30.) Within ten days of receiving preliminary approval of the settlement, Defendants will transfer $100,000.00 to the claims administrator. Within thirty days after the final approval order, Defendants will transfer the remaining $2,900,000.00 to the claims administrator as well. (*Id.* ¶ 31.) The parties have not yet agreed to attorneys' fees, although Plaintiff's counsel will not seek more than one-third of the total Settlement Fund. (*Id.* ¶ 41.) The parties have also preliminarily agreed to service awards for Plaintiff in the amount of $10,000.00 and four other opt-in plaintiffs in the amount of $2500.00 each for a total of $20,000.00 and a claims administrator fee limited to a maximum of $20,000.00. (Settlement Agreement ¶¶ 1.37, 9.1(C).)

After these payments are made, the remaining "Net Settlement Amount" is to be distributed to Participating Claimants who timely submit a valid claim form. (*Id.* ¶¶ 1.22, 1.27.) The share of each Class Member is calculated with reference to Defendants' business records as follows:

1) Each Class Member will receive one (1) point for each week worked during the Class Period.

2) Each Class Member will receive an additional 0.5 points for each workweek during the Class Period in which he or she received a laborer pay rate.

3) Each Class Member's points will be totaled and then divided by the aggregate number of points accrued by all Participating Claimants to determine the percentage of the Net Settlement Amount that he or she will receive.

4) For any Participating Claimant whose percentage of the Net Settlement Amount yields an Individual Settlement Share of less than Five Hundred Dollars ($500.00), that person will receive a guaranteed minimum payment of Five Hundred Dollars ($500.00) (the "Guaranteed Minimum Payment").

3

5)   After subtracting from the Net Settlement Amount the total individual settlement shares of all class members who would receive a Guaranteed Minimum Payment should they become Participating Claimants, each remaining Class Member who would not be subject to a Guaranteed Minimum Payment will have their previously calculated percentage multiplied by the remainder of the Net Settlement Amount after the subtraction of all Guaranteed Minimum Payments to determine the individual settlement share of each remaining Class Member.

(*Id.* ¶ 9.2(B).)   Only claimants who submit a Claim Form will receive settlement proceeds.   (*Id.* ¶ 9.2(A).)   Potential Settlement Class members may also exclude themselves from the Settlement Class, thus preserving their claims against Defendants, or may object to the settlement.   (*Id.*)   Potential class members who do not exclude themselves, object, or submit a Claim Form waive any claims they may have against Defendants and may not participate in the settlement.   (*Id.* ¶ 6.1-6.3.)

After receiving quotes from multiple claims administrators, CPT Group (the "Claims Administrator") was selected to administer notice of the settlement and the claims process.  (Pls. Mem. at 15.)  Within fifteen days of this Order, Defendants will provide a finalized class member list to the Claims Administrator.   (*Id.* ¶¶ 1.6, 5.2.)   Within seven days of receiving the finalized list, the Claims Administrator will email and mail by registered mail the Notice and Claim Form to all identified class members in both English and Spanish.   (*Id.* ¶ 5.2(A).)   The Claims Administrator will send the Reminder Notice to the class members forty days after the initial notice is distributed.   (*Id.* ¶ 1.36.) Claimants must return the Claim Form or opt out within sixty days of the date the Claims Administrator mails the Notice and Claim Form, subject to any good cause reason for delay.   (*Id.* ¶ 1.25, 6.2(A).)

The Claims Administrator will review the Claim Forms and distribute the Net Settlement Amount to claimants pursuant to the formula outlined in Plaintiff's Memorandum.  (Pls. Mem. at 13-14.)

**DISCUSSION**

I.      **Preliminary Approval of Proposed Settlement Agreement**

     *A. Standard of Review*

Class settlements under Federal Rule of Civil Procedure Rule 23 require court approval.  Fed. R. Civ. P. 23(e).

"A class action settlement approval procedure typically occurs in two stages: (1) preliminary approval—where 'prior to notice to the class, a court makes a preliminary evaluation of fairness,' and (2) final approval—where 'notice of a hearing is given to the class members, [and] class members and settling parties are provided the opportunity to be heard on the question of final court approval.'"  *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 330 F.R.D. 11, 27 (E.D.N.Y. 2019) (alteration in original) (quoting *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, No. 11-CV-5450 (NRB), 2016 WL 7625708, at *2 (S.D.N.Y. Dec. 21, 2016)).

Under Rule 23(e), in considering a motion for preliminary approval of a proposed settlement, a court must consider whether "giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).  Factors relevant to the Court's decision whether to approve a proposed class action settlement include "(1) adequacy of representation, (2) existence of arm's-length negotiations, (3) adequacy of relief, and (4) equitableness of treatment of class members."  *In re GSE Bonds Antitrust Litig.*, 414 F. Supp. 3d 686, 692 (S.D.N.Y. 2019) (citing Fed. R. Civ. P. 23(e)(2)).

Courts look to the nine "*Grinnell* factors to fill in any gaps and complete the analysis." *Cymbalista v. JPMorgan Chase Bank, N.A.*, No. 20-CV-456 (RPK)(LB), 2021 WL 7906584, at *5 (E.D.N.Y. May 25, 2021) (collecting cases), *R&R adopted*, Order dated Nov. 22, 2021.  These include:

       (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount

of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) (citations omitted), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000); *accord Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013).

### B.  Discussion

Considering both the procedural and substantive factors set forth in Fed. R. Civ. P. 23(e)(2), as well as the *Grinnell* factors, I find that the Court will likely be able to approve the parties' proposed settlement agreement as fair, reasonable, and adequate.

#### i.  **Rule 23(e)(2) Factors**

##### a.  *Adequate Representation by Class Representatives and Class Counsel – Fed. R. Civ. P. 23(e)(2)(A)*

In determining the adequacy of representation by class representatives and class counsel, courts consider "whether (1) plaintiff's interests are antagonistic to the interest[s] of other members of the class and (2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Mikhlin v. Oasmia Pharm. AB*, No. 19-CV-4349 (NGG)(RER), 2021 WL 1259559, at *4 (E.D.N.Y. Jan. 6, 2021) (alteration in original) (quoting *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007)).[2] "An adequate class representative is one who has 'an interest in vigorously pursuing the claims of the class' and 'no interests antagonistic to the interests of other class members.'" *Id.* (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)). "Courts find class counsel qualified when they are experienced and 'knowledge[able] in the area of complex class actions.'"

---

[2] "Because this factor is 'nearly identical to the Rule 23(a)(4) prerequisite of adequate representation in the class certification context,'" the Court's consideration of this factor is guided by Rule 23(a)(4) case law. *Mikhlin*, 2021 WL 1259559, at *4 n.3 (quoting *In re Payment Card*, 330 F.R.D. at 30 n.25).

*Cymbalista*, 2021 WL 7906584, at *5 (alteration in original) (quoting *In re Payment Card*, 330 F.R.D. at 33).

The parties in this action seek preliminary approval of Plaintiff as representative of the Settlement Class.  (Pls. Mem. at 29.)  The parties also seek preliminary approval of Pelton Graham LLC, Plaintiff's counsel, as class counsel.  (*Id.* at 29, 32.)

Plaintiff is an adequate class representative and his interests are not antagonistic to those of the Settlement Class members.  Plaintiff has vigorously pursued the interests of the Settlement Class, including assisting with the preparation of the initial complaint and the amended complaint, assisting with the factual investigations of the claims, producing documents, providing information used in the damages analysis, attending a deposition, and attending a mediation session.  (Pls. Mem. at 10.)  There is no indication that his interests are in any way antagonistic to other class members.  (*Id.* at 29.)  Furthermore, Pelton Graham LLC has "extensive experience litigating and settling wage and hour cases and other employment cases" and "has expended significant time identifying, investigating, and pursuing discovery of relevant information and settlement in this case in an effort to identify and properly prosecute the claims on behalf of the affected individuals."  (*Id.* at 32.)  As a result, this factor weighs in favor of preliminary approval.  Plaintiff is hereinafter referred to as the "Lead Plaintiff" and Pelton Graham LLC is hereinafter referred to as "Lead Counsel."

### b.  *Arm's Length Negotiation – Fed. R. Civ. P. 23(e)(2)(B)*

A class settlement "reached through arm's-length negotiations between experienced, capable counsel knowledgeable in complex class litigation . . . 'enjoy[s] a presumption of fairness.'"  *In re GSE Bonds*, 414 F. Supp. 3d at 693 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 173-74 (S.D.N.Y. 2000)); *accord Mikhlin*, 2021 WL 1259559, at *5.

The parties, counsel for whom are experienced and capable in this field, reached the settlement after participating in a mediation session with mediator Martin F. Scheinman, Esq.  (Pls. Mem. at 10.)

This factor weighs in favor of preliminary approval.

### c.  Adequate Relief for the Class – Fed R. Civ. P. 23(e)(2)(C)

In evaluating whether the proposed settlement provides adequate relief for the class, the Court considers: "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including the timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).

### i.  Costs, Risks, and Delay of Trial and Appeal – Fed. R. Civ. P. 23(e)(2)(C)(i)

The first factor set forth under Rule 23(e)(2)(C), "the 'costs, risks, and delay of trial and appeal,' 'subsumes several *Grinnell* factors,' including the complexity, expense and likely duration of litigation, the risks of establishing liability, the risks of establishing damages, and the risks of maintaining the class through trial."  *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Payment Card*, 330 F.R.D. at 36); *accord Cymbalista*, 2021 WL 7906584, at *6.

Courts favor settlement when it "results in 'substantial and tangible present recovery, without the attendant risk and delay of trial.'"  *In re Payment Card*, 330 F.R.D. at 36 (quoting *Sykes v. Harris*, No. 09-CV-8486 (DC), 2016 WL 3030156, at *12 (S.D.N.Y. May 24, 2016) (citation omitted)).  Class action lawsuits "have a well-deserved reputation as being most complex."  *Id.* (quoting *In re Sumitomo Copper Litig.*, 189 F.R.D. 274, 281 (S.D.N.Y. 1999) (citation omitted)); *see also Garland v. Cohen & Krassner*, No. 08-CV-4626 (KAM)(RLM), 2011 WL 6010211, at *7 (E.D.N.Y. Nov. 29, 2011) ("Given the complexity of any class action lawsuit . . . it is reasonable to assume that absent the instant Settlement, continued litigation would have required extensive time and expense.").

"In considering the risks of establishing liability, the court 'need only assess the risks of litigation against the certainty of recovery under the proposed settlement.'"  *Mikhlin*, 2021 WL 1259559, at *5 (quoting *In re Glob. Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 459 (S.D.N.Y. 2004)).

"Settlement is favored in cases in which 'plaintiffs would have faced significant legal and factual obstacles to proving their case.'" *Id.* (quoting *In re Glob. Crossing*, 225 F.R.D. at 459).

The parties have been engaged in substantial discovery and settlement negotiations. (Pls. Mem. at 23.) Throughout the litigation, Defendants have strongly disputed liability for all damages claimed by Plaintiff and have disputed the appropriateness of collective and class treatment. (*Id.* at 20.) Plaintiff has recognized the risks of establishing liability for all damages claimed by Plaintiff and the appropriateness of collective and class treatment given that Defendants have strongly disputed these factors throughout the litigation. (*Id.*) Plaintiff otherwise believes the Settlement Class could have recovered up to $24,354,618.94. (*Id.*) Plaintiff also recognizes, however, that Defendants have represented that their current financial status is dire and therefore recovery of any significant judgment is uncertain. (*Id.* at 21.) In sum, the "costs, risks and delay of trial and appeal" are significant and weigh in favor of preliminary approval of the proposed settlement. Fed. R. Civ. P. 23(e)(2)(C)(i). As a result, I agree that the settlement represents a favorable outcome, and that in light of the claims and defenses of the parties, the risks and uncertainties of litigation, and Defendants' likely inability to pay a higher judgment, the *Grinnell* factors suggest that the proposed settlement is fair, reasonable, and adequate. (*Id.*)

### ii.    Effectiveness of Proposed Method of Distributing Relief – Fed. R. Civ. P. 23(e)(2)(C)(ii)

A court must consider the effectiveness of the parties' "proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C)(ii). "A plan for allocating settlement funds 'need not be perfect[,]'" and "need only have a reasonable, rational basis, particularly if recommended by experienced and competent class counsel." *Mikhlin*, 2021 WL 1259559, at *6 (first quoting *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05-CV-10240 (CM), 2007 WL 2230177, at *11 (S.D.N.Y. July 27, 2007); then quoting *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp. 2d 319, 344 (S.D.N.Y. 2005)).

The parties have outlined a proposed method of distributing relief to the class that is reasonably and rationally based upon weeks worked by each class member. (*See* Settlement Agreement ¶ 9.2(B).) The proposed Notice describes the terms of the Settlement Agreement and provides clear explanations of how to make a claim, opt out of the class, or object. (*See, e.g.*, Notice at 2-3, 5-8.) The distribution plan appears fair and equitable. This factor, therefore, weighs in favor of preliminary approval.

### iii. Terms of Proposed Award of Attorneys' Fees, Including Timing of Payment – Fed. R. Civ. P. 23(e)(2)(C)(iii)

"When analyzing the proposed settlement agreement for final approval, this Court will review Plaintiffs' application for attorneys' fees, taking into account the interests of the class." *Hart v. BHH, LLC*, 334 F.R.D. 74, 79 (S.D.N.Y. 2020). One method for calculating attorneys' fees, which is the trend in this Circuit, is the "'percentage of the fund' method." *McGreevy v. Life Alert Emergency Response, Inc.*, 258 F. Supp. 3d 380, 384 (S.D.N.Y. 2017). Under this method, the Court considers whether the requested fees are reasonable as compared to the settlement amount. *Id.* at 385. Factors to consider include fees awarded in similar cases, the risks to Class Counsel, and the lodestar calculation. *Id.* at 384 (citing *Goldberger*, 209 F.3d at 43).

Plaintiff and four "Opt-In Plaintiffs" will seek a total award of $20,000.00 to compensate them for the services they provided in representing the class. (*Id.* at 18.) Plaintiff has not yet applied for attorneys' fees; however, Lead Counsel will not apply for an award representing more than one-third of the total settlement amount. Since Lead Counsel have not yet submitted a fee application, application for service award, or application for costs, the Court cannot assess the reasonableness of the requested attorneys' fees or service award until a motion for final settlement approval is filed.

This factor does not weigh against preliminary approval.

### d. *Equitable Treatment of Class Members Relative to Each Other – Fed. R. Civ. P. 23(e)(2)(D)*

A court must consider whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). A court may consider "whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23 advisory committee's note to 2018 amendment.

As stated *supra*, the method of distribution appears fair and reasonable. Other than the Service Awards sought for Plaintiff and the four Opt-In Plaintiffs, the proposed Plan of Allocation treats all claimants uniformly—each claimant will receive a *pro rata* distribution of the Net Settlement Amount based on a formula that accounts for each claimant's individual rate of pay received and weeks worked. (Settlement Agreement ¶ 9.2(B).)

This factor weighs in favor of preliminary approval.

### ii.    **Remaining *Grinnell* Factors**

The *Grinnell* factors not covered by Rule 23(e)(2)(C)(i) are the reaction of the class to the settlement, the stage of the proceedings and the amount of discovery completed, the ability of the defendants to withstand a greater judgment, the range of the settlement fund in light of the best possible recovery, and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. A court's consideration of the stage of the proceedings and the amount of discovery completed "is intended to assure the Court 'that counsel for plaintiffs have weighed their position based on a full consideration of the possibilities facing them.'" *In re Glob. Crossing*, 225 F.R.D. at 458 (quoting *Klein ex rel. Ira v. PDG Remediation, Inc.*, No. 95-CV-4954 (DAB), 1999 WL 38179, at *2-3 (S.D.N.Y. Jan. 28, 1999)).

The Court cannot consider the class's reaction to the proposed settlement until after notice has been provided to the class. The Court is, therefore, unable to consider this factor at this stage of

the proceedings. *See Mikhlin*, 2021 WL 1259559, at *4 n.2; *Caballero ex rel. Tong v. Senior Health Partners, Inc.*, Nos. 16-CV-0326 (CLP), 18-CV-2380 (CLP), 2018 WL 4210136, at *11 (E.D.N.Y. Sept. 4, 2018).

With regard to the remaining factors, the parties have engaged in discovery and discovery review, substantial investigation and prosecution of the claims, and substantial informal and formal settlement negotiations. (Pls. Mem. at 23.) Defendants have represented that their current financial status is dire. (*Id.* at 21.) The estimated best possible recovery for Plaintiff and the Settlement Class is $24,354,618.94, including $10,571,054.51 in unpaid wages (*id.* at 20); the maximum settlement amount is $3,000,000.00, approximately 12.32% of the best possible recovery or approximately 28.38% of the alleged unpaid wages. This Court has awarded similar percentages of the best possible recovery in recent years. *See, e.g.*, *D'Angelo v. Hunter Bus. Sch., Inc.*, 2023 WL 4838156, at *7-8 (E.D.N.Y. July 28, 2023) (granting final approval of a settlement fund of 5% of potential maximum damages); *Rosario v. EMZ Solutions LLC*, 2020 WL 8413532, at *7 (E.D.N.Y. Aug. 7, 2020), *rep. & rec. adopted*, 2020 WL 7777955 (E.D.N.Y. Dec. 31, 2020) (granting preliminary approval of a settlement fund representing approximately 22% of the maximum potential recovery, calculated without liquidated damages or statutory penalties but before removing attorneys' fees). As a result, the remaining *Grinnell* factors weigh in favor of preliminary approval.

### iii.    Identification of Other Agreements

Rule 23(e)(3) requires the parties to identify "any agreement made in connection with the proposal." The parties represent that no agreements other than the proposed settlement agreement have been entered into. (Affidavit at ¶¶ 23, 42.)

*        *        *

Having weighed the Rule 23(e)(2) and *Grinnell* factors, I find that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate.

## II.     Preliminary Certification of Rule 23 Settlement Class

Plaintiff moves to provisionally certify, with Defendants' consent, a class for settlement purposes comprised of:

> all current and former individuals who worked for Safeway in New York as backhoe operators at any time during the period of March 15, 2014, through March 26, 2024[.]

(Settlement Agreement ¶ 1.7.)

"The ultimate decision to certify the class for purposes of settlement cannot be made until the hearing on final approval of the proposed settlement." Fed. R. Civ. P. 23 advisory committee's note to 2018 Amendment.  The Court may, however, grant preliminary approval when it will "likely be able to . . . certify the class for purposes of judgment on the proposal."  *In re Payment Card*, 330 F.R.D. at 50 (omission in original) (emphasis removed) (quoting Fed. R. Civ. P. 23(e)(1)(B)(ii)).

To qualify for certification, a class must meet the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure.  A plaintiff seeking certification under Rule 23 has the burden to establish (1) numerosity, (2) commonality, (3) typicality, (4) adequacy of representation, (5) superiority of the class action over other procedures, and (6) predominance.  *Mazzei v. Money Store*, 829 F.3d 260, 270 (2d Cir. 2016); *see* Fed. R. Civ. P. 23(a), (b)(3).  The Second Circuit has also recognized an implied requirement of ascertainability.  *Brecher v. Republic of Arg.*, 806 F.3d 22, 24 (2d Cir. 2015) ("Like our sister Circuits, we have recognized an 'implied requirement of ascertainability' in Rule 23 of the Federal Rules of Civil Procedure" (citation omitted)); *see McBean v. N.Y.C.*, 260 F.R.D. 120, 132-33 (S.D.N.Y. 2009).

To certify a class, a district court must definitively assess each class certification element and find that each requirement is "established by at least a preponderance of the evidence."  *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 117 (2d Cir. 2013) (quoting *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010)).

### A. Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995). The parties estimate that the class is composed of approximately ninety-one individuals. (Affidavit at ¶ 29.) Given that joinder of all ninety-one members is presumptively impractical, the Court finds that numerosity is satisfied.

### B. Commonality

Under Rule 23(a)(2), there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The questions must be capable of "class[-]wide resolution—which means the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Sykes v. Mel S. Harris & Assocs. LLC*, 780 F.3d 70, 80 (2d Cir. 2015) (alteration in original) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)).

Plaintiff convincingly alleges that the proposed Settlement Class members share common questions of law and fact regarding the class members regularly performing work for which they were not compensated, being misclassified, being paid a laborer rate as opposed to a higher operating engineer rate, and not being properly provided with wage notices and wage statements that included all hours worked (as required by the NYLL). (Pls. Mem. at 28.) These types of common questions are sufficient to satisfy commonality. *See Lora v. To-Rise, LLC*, 452 F. Supp. 3d 5, 11 (E.D.N.Y. 2019) (commonality requirement satisfied where the class members shared the common issues of fact and law concerning whether the defendants failed to pay them wages in violation of state wage and hour laws).

### C. Typicality

The requirement for typicality is met "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's

liability." *Robinson v. Metro-N. Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001), *abrogated on other grounds by Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997)) (quotations omitted). "The commonality and typicality requirements often 'tend to merge into one another, so that similar considerations animate analysis' of both." *Brown*, 609 F.3d at 475 (quoting *Marisol A.*, 126 F.3d at 376). "The crux of both requirements is to ensure that maintenance of a class action is economical and that the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Kaye v. Amicus Mediation & Arb. Grp., Inc.*, 300 F.R.D. 67, 78 (D. Conn. 2014) (quoting *Marisol A.*, 126 F.3d at 376 (alterations and citations omitted)).

Plaintiff's claims are typical of the class. His claims, and the claims of each class member, arise from Defendants not paying wages for all hours worked and overtime premiums as required by the FLSA and NYLL, Defendants paying an improper rate for operator work, and not providing accurate wage notices and wage statements. (Pls. Mem. at 28.) The claims are so interrelated that the class claims will be fairly and adequately protected by Plaintiff. The typicality requirement is satisfied.

### D. Adequacy

In assessing adequacy, "the primary factors are whether the class representatives have any 'interests antagonistic to the interests of other class members' and whether the representatives 'have an interest in vigorously pursuing the claims of the class.'" *In re Patriot Nat'l, Inc. Sec. Litig.*, 828 F. App'x 760, 764 (2d Cir. 2020) (quoting *Denney*, 443 F.3d at 268). "[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

As discussed in Section I(B)(i)(a), *supra*, Plaintiff is an adequate representative of the class, and the adequacy requirement is met.

### E.  Ascertainability

The implied requirement of ascertainability demands "only that a class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec. Litig.*, 862 F.3d 250, 264 (2d Cir. 2017).  The putative class is easily ascertainable, as Plaintiff represents that based on Defendants' wage data records, there is a list of approximately ninety-one individuals who comprise the putative class.  (Affidavit at ¶ 29.)

### F.  Rule 23(b)(3)

Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).

### i.  Predominance

The predominance requirement "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation" and is achieved "if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *Moore v. PaineWebber, Inc.*, 306 F.3d 1247, 1252 (2d Cir. 2002) (quoting *Amchem*, 521 U.S. at 623).

Here, common issues predominate as all members of the Settlement Class suffered the same alleged harms resulting from the same alleged misrepresentations, which are subject to generalized proof and applicable to the entire class.  The Settlement Class is thus sufficiently cohesive to meet the predominance requirement.

### ii.  Superiority

Matters pertinent to superiority include:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation

> concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).  In assessing a settlement-only class certification, "a district court need not inquire whether the case, if tried, would present intractable management problems," because there will not be a trial.  *Amchem*, 521 U.S. at 620.

Concentrating the adjudication of the claims in the Eastern District of New York is a logical and efficient use of judicial resources.  The superiority requirement is met because a class action is superior to alternative forms of adjudication of these claims.

*       *       *

For the foregoing reasons, the Court finds that preliminary certification of the Settlement Class is warranted under Federal Rules of Civil Procedure 23(a) and 23(b)(3) because the Court will likely be able to certify the class after the final approval hearing.

### III.    Distribution of the Class Notice and Notice Procedure

Once a court has determined that it will likely be able to approve the proposed settlement and certify the class, it "must direct notice in a reasonable manner to all class members who would be bound by the proposal . . . ."  Fed. R. Civ. P. 23(e)(1)(B).

For Rule 23(b)(3) classes, "the court must direct to class members the best notice that is practicable under the circumstances" which includes "individual notice to all members who can be identified through reasonable effort."  Fed. R. Civ. P. 23(c)(2)(B).  The notice "must clearly and concisely state in plain, easily understood language" the following information:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. Civ. P. 23(c)(2)(B).

"There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements . . . . Notice is 'adequate if it may be understood by the average class member.'" *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 114 (2d Cir. 2005) (quoting 4 Alba Conte & Herbert B. Newberg, Newberg on Class Actions § 11:53, at 167 (4th ed. 2002)). At the same time, "[c]ourts in this Circuit have explained that a Rule 23 Notice will satisfy due process when it describes the terms of the settlement generally, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing." *Mikhlin*, 2021 WL 1259559, at *12 (quoting *In re Payment Card*, 330 F.R.D. at 58).

The proposed Notice includes a general explanation of how claimants' settlement shares will be calculated (Notice at 4); how claimants can submit their Claim Form, object to, or opt-out of the settlement (*id.* at 5-8); and of the effects of claimants choosing to do nothing, submitting a Claim Form, opting out, or objecting. (*Id.*) The Notice also provides a summary of the nature of the action (*id.* at 2-3); explains that a class member may be heard at a fairness hearing (*id.* at 8); states that the Court will exclude from the class any member who requests to be excluded from the settlement class and provides the time and manner for making such a request (*id.* at 6-7); and explains the binding effect of a class judgment on members who do not opt out. (*Id.* at 3.)

Within fifteen days of this Order, Defendants will provide a finalized class member list to Plaintiff's counsel and the Claims Administrator. (Settlement Agreement ¶ 5.2.) Within seven days of receiving the finalized list, the Claims Administrator will email and mail by registered mail the Notice and Claim Form to all identified class members in both English and Spanish. (*Id.* at ¶ 5.2(A).) Claimants must return the Claim Form or opt out within sixty days of the date the Claims Administrator mails the Notice and Claim Form, subject to any good cause reason for delay. (*Id.* at ¶¶ 1.4, 1.25)

Because the Notice, Reminder Notice, and notice procedure provide reasonable notice to Settlement Class members and clearly and concisely state in plain, easily understood language the requisite information, the Court approves the proposed Notice and notice procedure.

## **CONCLUSION**

For the reasons stated above, the Motion is granted.  Accordingly, it is hereby ORDERED that:

(1) Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of settlement only, the Court preliminarily certifies a Settlement Class in this action, consisting of all current and former individuals who worked for Safeway in New York as backhoe operators at any time during the period of March 15, 2014 through March 26, 2024.  Excluded from the Settlement Class are any Settlement Class members that validly and timely request exclusion in accordance with the requirements set forth in the Notice and this Order.

(2) This Court preliminarily finds, for purposes of settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class members he seeks to represent; (d) Lead Plaintiff will fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this action.

(3) Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for the purposes of settlement only, (a) Lead Plaintiff Antonio Amigon is preliminarily certified as the class representative on behalf of the Settlement Class; and (b) Pelton Graham LLC is preliminarily certified as Lead Counsel for the Settlement Class, and is authorized to act on behalf of the class representatives and other Settlement Class members, with respect to all acts or consents required by or that may be given pursuant to the Settlement Agreement, including all acts that are reasonably necessary to consummate the Settlement Agreement.

(4) The Court preliminarily finds that the Settlement Agreement should be approved in that: (a) the Settlement Agreement results from good faith, arm's length negotiations, including a mediation among Lead Plaintiff and Defendants under the direction of an experienced mediator; (b) the relief provided to the Settlement Class is adequate; (c) the proposed settlement treats Settlement Class members equitably relative to each other; and (d) the proponents of the settlement are experienced in class-action securities litigation and had sufficient information to evaluate the settlement.

(5) The Court substantially approves the form, substance, and requirements of the Notice (Dkt. 72-2), Claim Form (Dkt. 72-4), and Reminder Notice (Dkt. 66-5). The parties will update any dates and deadlines prescribed in the Notice, Claim Form, and Reminder Notice to conform with those set forth in this Order.

(6) The Court approves the appointment of CPT Group as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed settlement, as well as the processing of claims as more fully set forth below.

(7) Within fifteen (15) business days of this Order, Defendants will provide the Claims Administrator and Lead Counsels, at no cost to Lead Plaintiff or the Settlement Class, finalized class member lists as set forth in the Settlement Agreement.

(8) The Claims Administrator will cause a copy of the Notice and Claim Form to be mailed by first class mail, postage prepaid, within seven (7) days of receiving the finalized class member list, to all Settlement Class members in both English and Spanish.

(9) Within forty (40) days of the initial mailing of the Notice and Claim Forms to Settlement Class members, the Claims Administrator will mail the Reminder Notice to all Settlement Class members in both English and Spanish.

(10) The Court will hold a fairness hearing on April 29, 2025 at 10:30 a.m. at the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

(11) In order to be entitled to participate in the Settlement Fund, in the event the settlement is consummated in accordance with the terms set forth in the Settlement Agreement, each Settlement Class member will take the following actions and be subject to the following conditions:

    a.  Within sixty (60) calendar days after such time as set by the Court for the Claims Administrator to mail the Notice and Claim Form to the Settlement Class, each member claiming to be an authorized claimant will be required to submit to the Claims Administrator a completed Claim Form, substantially in the form filed at Dkt. 72-4 and as approved by the Court, signed under penalty of perjury. Claim Forms will be timely submitted if they are postmarked (for U.S. Mail) or received by the private carrier (for FedEx, UPS, etc.), or electronically by the Claims Administrator, within sixty (60) calendar days after the time set by the Court for

the Claims Administrator to mail the Notice and Claim Form to the Settlement Class.

    b.   As part of the submission of a Claim Form, each Settlement Class member shall submit to the jurisdiction of the Court, with respect to the claim submitted, and shall (subject to effectuation of the settlement) release all claims for any wage and hour violations that may have occurred arising from or relating to each participating claimant's employment or engagement with Defendants or related entities under federal, New York State or local law.

    c.   Lead Plaintiff and all Settlement Class members who have previously opted in to the settlement will be deemed to be participating claimants and need not take any further action to receive settlement funds.

(12) Any Settlement Class member who wishes to request exclusion from (*i.e.*, "opt-out" of) the Settlement Class must submit a written request for exclusion by First Class United States Mail so that it is postmarked **no later than sixty (60) calendar days after the mailing of the Notice and Claim Form to Settlement Class members**. As provided in the Notice, such request for exclusion from the settlement will clearly indicate the name, address, and telephone number of the member seeking exclusion, will indicate that the member requests to be excluded from the Settlement Class, and must be signed by the Settlement Class member. The request for exclusion will not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. The Claims Administrator will send copies of each request for exclusion to Lead Counsel and counsel for Defendants by email no later than three (3) days after receipt thereof. Any Settlement Class member that submits a request for exclusion will have no rights

under the Settlement Agreement, will not be entitled to receive any payment out of the Settlement Fund, and will not be entitled to object to the Settlement Agreement.

(13) The Court will consider objections to the Settlement Agreement, the plan for allocation of the settlement funds, any application for attorneys' fees or expenses, and any requests for service awards from any Settlement Class member who does not request exclusion from the Settlement Class. Any such member wanting to object must do so in writing and may also appear at the fairness hearing.

    a. Written objections and any supporting papers must be mailed to the Claims Administrator via United States First Class Mail **no later than sixty (60) calendar days after the Notice and Claim Form is mailed to the Settlement Class**. Objections will be deemed timely if they are postmarked no later than sixty (60) calendar days after the Notice and Claim Form is mailed. Any individual who wishes to appear at the fairness hearing must affirmatively state so in his or her written objection. A Settlement Class member who files a written objection does not have to appear at the Settlement Hearing for the Court to consider the objection.

    b. The Claims Administrator will send copies of each written objection and any supporting papers to counsel for Plaintiffs and counsel for Defendants by email no later than three (3) days after receipt of the written objection.

    c. If any Settlement Class members hire an attorney to represent them for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court **no later than thirty (30) days before the fairness hearing.**

    d.  Any Settlement Class members who do not make their objection in the manner provided will be deemed to have waived such objection and will forever be foreclosed from making any objection to the fairness or adequacy of the Settlement Agreement, the plan for allocation of the settlement funds, any application for attorneys' fees and expenses, and any requests for service awards, unless otherwise ordered by the Court.

    e.  The parties may file written responses to any timely filed objections contemporaneously with the motion for final approval of the Settlement.

(14) The Claims Administrator, Defendants' counsel, and Lead Counsel will promptly furnish each other with copies of any and all objections from Settlement Class members that come into their possession.

(15) The Claims Administrator will take all reasonable steps to obtain the correct address of any Settlement Class member for whom the Notice and Claim Form are returned as undeliverable.

(16) No later than thirty (30) days prior to the fairness hearing, Plaintiff will prepare and file a Motion for Final Approval of the Settlement, which will also seek the payment of attorneys' fees and costs, settlement claims administration costs, and service awards.  All reply papers and/or briefs, including any in response to a filed objection, will be filed and served at least seven (7) calendar days prior to the fairness hearing.

(17) Defendants will transfer an initial payment of One Hundred Thousand Dollars ($100,000.00) to the Claims Administrator no later than ten (10) days after issuance of this Order.  If the settlement is approved, Defendants will transfer the remaining amount of Two Million Nine Hundred Thousand Dollars ($2,900,000.00) to the Claims Administrator no later than thirty (30) days after such approval.  Lead Plaintiff and

participating claimants will have one hundred and twenty (120) days after those payments are distributed to cash their respective settlement checks. Participating claimants may request a replacement if they show timely and good cause.

(18) The Court may approve the Settlement Agreement without modification, or with such modifications as may be agreed to by Lead Plaintiff and Defendants, with or without further notice, and may adjourn or continue the fairness hearing or hold the fairness hearing via videoconference or telephone conference without further notice to the Settlement Class.  The Court may approve the Settlement Agreement regardless of whether it has approved the plan for allocation of the settlement funds, any request for attorneys' fees and expenses, and any requests for service awards.  The Claims Administrator and Lead Counsel will cause any change to the date, time, or manner of the fairness hearing to be notified to the Settlement Class members.

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
          December 9, 2024